DENVER TRANSFER AND WAREHOUSE CO. V. SWEM.

Plaintiff sold and delivered to defendant a warehouse which, by con-
tract, was personal property; defendant used and enjoyed the same
for a time, but failed to pay the purchase price; plaintiff then re-
sold and delivered the building to a third party. *Held*, that the
plaintiff was not entitled to rent for use and occupation.

*Appeal from District Court of Arapahoe County.*

THE facts are stated in the opinion.

Mr. LUCIUS M. CUTHBERT, for appellant.

Mr. JOHN W. HORNER, for appellee.

HELM, J.   Action to recover reasonable rent for the
use and occupation of the premises described in the com-
plaint.   The suit was evidently brought by plaintiff, and
tried by the court, upon the theory that the property
occupied and used was realty.

But the plaintiff himself positively testified to the fol-
lowing effect:   *First.* That he leased from the Union
Pacific Railway Company a certain warehouse in Denver,
and that he owned no interest in the land upon which it
stood.   *Second.* That while in possession as tenant he
used a quantity of lumber and other materials in erecting
a shed, and in repairing and improving the warehouse
for his own convenience.   *Third.* That by express agree-
ment with the lessor at the time of making such im-
provements, he was to retain the absolute ownership in,
and exercise the right of, removing all of the materials so
used.   *Fourth.* That in pursuance of this agreement he
negotiated and bargained with defendant, it being his
successor as tenant under the Union Pacific Company,
for the sale to it of these materials or improvements.
*Fifth.* That while this contract of purchase was in full
force, defendant entered into occupation of the entire
premises, and, with plaintiff's consent, into the use of

said property thereon, belonging to plaintiff. *Sixth.* That defendant failed and refused to pay the purchase price, and plaintiff resold to a third person; and *Seventh.* That he then instituted this action to collect, from defendant, rent for the use of the property.

The evidence offered on the part of defendant showed that both it and the Union Pacific Company at all times recognized plaintiff's ownership of said property, and his right to remove the same when he should see fit so to do.

Thus, it appears beyond question that plaintiff's property always retained the character of personalty. The materials, whether we call them lumber, additions, buildings or improvements, never became a part of the realty. The special contract providing for continual ownership and removal thereof, stamps upon the same, as to all the parties named, the character of personal property. And this position is further reinforced by the fact that the improvements were made by plaintiff while tenant, for his own convenience in his private business. See Tyler on Fixtures, p. 114 *et seq.*, also 129 *et seq.*, 146.

Defendant denies that it ever made the alleged, or any other, contract of purchase with plaintiff; and upon this question the evidence is conflicting and evenly balanced. But we will accept as correct, for the purposes of this case, the jury's findings thereon in favor of plaintiff.

The case made by the evidence then is as follows: Plaintiff sold and delivered to defendant certain personal property; defendant used and enjoyed the same for a time, but finally refused to pay the purchase price agreed upon; it, however, recognized plaintiff's right to retake the possession; and plaintiff did resell and deliver the same to a third party.

Upon this state of facts what was plaintiff's remedy in the premises? First, he might have refused to receive the property back, and have brought suit for the purchase money, with interest. But, second, having resold it, the extent of his recovery against plaintiff would, *at*

*most*, be limited to interest on the contract price from the date when it should have been paid, plus the difference between that price and the amount actually received; provided the latter was the market value of the property.

We do not wish, however, to be understood as stating the foregoing to be positively the measure of damages in such cases; we are not here required to lay down a rule upon this subject, and it would be *dictum* were we to do so. Our purpose is simply to show that the measure of damages adopted at the trial of this case was incorrect. That under the facts no recovery of rent for use and occupation can be sustained; a proposition that will hardly admit of question, and probably needs no support by way of argument or authority.

Had defendant taken possession of this property under a lease, verbal or written, or had it entered under a contract of hire, it might have been estopped from invoking rules applicable to the *sale of personalty*. But, considering the case as made by plaintiff himself, in no possible view can the recovery be sustained.

The judgment is reversed.

*Reversed.*